Brenda NAQUIN, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

**No. 08–86–00117–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 12, 1986.

Susan Anderson, Lilly A. Plummer, West Texas Legal Services, Odessa, for appellant.

Gary Garrison, Co. Atty., Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from an order terminating the parental rights of the natural father and mother to their six-year-old son. We affirm in part and reverse and render in part.

Based upon an affidavit of an employee of the Texas Department of Human Resources, the district court of Ector County named the Department temporary managing conservator of Michael Naquin on October 30, 1984. At a hearing on November 5, 1984, the court entered another order continuing the authority of the Department as temporary managing conservator. In April, 1985, the Department filed a petition to terminate the parent-child relationship and sought to end the parental rights of both the father and the mother. Although cited by publication, the father has never appeared. The mother, Brenda Naquin, appeared at a hearing on June 10, 1985, and the court entered an Agreed Order which continued the appointment of the Department as temporary managing conservator for an additional 180 days and named Brenda Naquin as temporary possessory conservator for the same period of time. She was ordered to provide an adequate source of income and to pay $10.00 per week toward the support of her child. She was also ordered to provide proof that she was able to provide a suitable home for the child. In October, 1985, the Department filed an Amended Petition to Terminate Parent-Child Relationship. Both parents were cited by publication. Neither appeared in person although they were represented by their court-appointed attorneys ad litem. The amended petition alleged grounds for termination of parental rights under the provisions of Family Code Section 15.-02(1)(B), (D), (E), (F) and (I), and the trial court filed findings of fact and conclusions of law to support termination under Subsections (B), (D) and (F).

At the hearing on January 21, 1986, the only witnesses were Barbara Overly, a child protective placement specialist with the Texas Department of Human Resources and Services, and Gerald H. Elmore, the child's grandfather. Over objection, Mrs. Overly testified based upon evidence from a prior hearing that Brenda gave Michael to Ann and Sonny Gowan in San Angelo in March, 1984, with a piece of paper stating that she was giving custody of her son to Mr. and Mrs. Gowan. In July, Ann Gowan gave the boy to her niece, who in September gave him to Neil Burley. In October, 1984, Mr. Burley turned the boy over to the Department.

That evidence, if admissible, would support the allegation under Section 15.-02(1)(B). Having turned the child over to another person unrelated to her, with a written paper stating she was giving the person custody of her son, and having not returned for more than three months would establish the necessary elements to terminate the mother's relationship with her son. But, this testimony came in over objection from the attorney ad litem for the mother and by Point of Error No. Seven, it is asserted that the trial court erred in admitting this evidence. We agree.

Had Ann or Sonny Gowan been called as witnesses, they could have testified to the events which resulted in their obtaining custody of the child from Brenda Naquin. Had a witness who testified from personal knowledge at the hearing on June 10, 1985, been "unavailable" to testify at the final hearing, that former testimony could have been admitted at the final hearing. Rule 804, Tex.R.Evid. See: Texas Rules of Evi-

dence Handbook, 20 Hous.L.Rev. 537 (1983). Had the testimony of Brenda Naquin at the prior hearing established these facts, her testimony from that hearing would have been admissible as admissions by her. Rule 801(e)(2), Tex.R.Evid. Instead, the Department chose to have Barbara Overly testify at the final hearing as to what she had heard another witness say at the prior hearing. She did not have personal knowledge of those facts and was not competent to give that testimony. Point of Error No. Seven is sustained.

Having concluded that the objected-to testimony was not admissible, we conclude there is no evidence and insufficient evidence to support termination of parental rights under Section 15.02(1)(B) and we sustain Points of Error Nos. One and Four.

■ Likewise, there is no evidence and insufficient evidence to support termination of parental rights under Section 15.02(1)(D) and (E). The social worker testified that having the child in temporary foster care was adversely affecting his emotional well-being. A similar contention by the Department in *G.M. v. Texas Department of Human Resources*, 717 S.W.2d 185 (Tex.App.—Austin, 1986), was held to be entirely untenable. We agree with that conclusion. Even so, there is no proof the mother knowingly placed or knowingly allowed him to remain in surroundings which endangered his emotional well-being. In addition, we conclude the evidence of an emotional problem was not sufficient to satisfy the requirements of clear and convincing proof. *Clark v. Dearen*, 715 S.W.2d 364 (Tex.App.—Houston [1st Dist.] 1986, no writ). Points of Error Nos. Three and Six are sustained.

■ We also conclude that there is no evidence and insufficient evidence to terminate the mother's rights under Section 15.-02(1)(F). The record is devoid of evidence as to the mother's financial situation. There is no proof of actual earnings or earning capacity. The record fails to support the trial court's findings. *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.1976); *Brokenleg v. Butts*, 559 S.W.2d 853 (Tex.

Civ.App.—El Paso 1977, writ ref'd n.r.e.), cert. denied, 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979). Points of Error Nos. Two and Five are sustained.

As the father has not appealed, the judgment terminating his parental rights is affirmed. That part of the judgment terminating the parental rights of Brenda Naquin is reversed and judgment is rendered denying termination of her parental rights.